IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CARLA YOUNG and JERRY YOUNG  )
                              )
v.                            )   No. 3:18-cv-0257
                              )
CHRISTY BRINKLEY SKINCARE, LLC; )
SKINNOIR; and PUSH INNOVATIONS, )
INC.                          )

**To: The Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

## REPORT AND RECOMMENDATION

For the reasons discussed below, the undersigned respectfully recommends that this case be dismissed.

### Background

Plaintiffs filed this action on March 5, 2018 (Docket No. 1), although there is no indication that they completed service of process upon the named defendants. Counsel for Plaintiffs then failed to appear for the initial case management conference on May 7, 2018, which prompted the Court to enter an order requiring Plaintiffs to, by May 21, 2018, show cause as to why this case should not be dismissed for failure to prosecute. (Docket No. 7.) Plaintiffs were explicitly warned that failure to show cause would result in a recommendation for dismissal of this case under Rule 16(f) and Rule 41(b). Plaintiffs failed to respond to this order or make any additional filing.

### Legal Standards and Analysis

It is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961). Rule 41(b) of the Federal Rules of Civil

Procedure[1] allows the Court to dismiss an action for the "fail[ure] to prosecute or to comply with these rules or a court order[.]"  Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam), *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).[2]  Further, the plain language of Rule 16(f) authorizes dismissal as a remedy when a party or its attorney "fails to appear at a scheduling or other pretrial conference," Fed. R. Civ. P. 16(f)(1)(A) or "fails obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

Plaintiffs have had ample opportunity to prosecute this case. However, Plaintiffs did not timely serve the named defendants with process and have made no effort to prosecute this case other than filing the initiating complaint. Further, contrary to the Court's plain instructions, Plaintiffs' attorney also neglected to attend a mandatory initial case management conference and Plaintiffs failed to file a response to the Court's show cause order.  Each of these events alone demonstrate that Plaintiffs have no interest in pursuing this action and they cumulatively warrant dismissal of this case.  Plaintiffs were previously warned that a recommendation would be made for dismissal of this case and the Court finds that, given Plaintiffs' complete lack of attention to this case and the substantial length of time that this case has been pending without any progress toward resolution, any less drastic remedy would not be reasonable.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that this action be DISMISSED for Plaintiffs' failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and

---

[1] Unless otherwise noted, all references are to the Federal Rules of Civil Procedure.
[2] Dismissals pursuant to Rule 41(b) may be accomplished by the Court in the absence of a defense motion. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

pursuant to Rule 16(f) for failure to attend the mandatory initial case management conference and to comply with the Court's show cause order.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within 14 days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge